IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARIA VILLASENOR and<br>RAMON BASALDUA,<br>　Plaintiffs<br><br>V.<br><br>SELECT PORTFOLIO SERVICING, INC., and<br>4121 PERIWINKLE, INC.,<br>　Defendants | § § § § § § § § § § | C.A. NO. 7:16-cv-00023 |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Select Portfolio Servicing, Inc. ("SPS" or "Defendant") through undersigned counsel, hereby removes this case from the 389th District Court of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division. Defendant denies the allegations of the Complaint and the damages contained therein, and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court.

### I.   INTRODUCTION AND STATEMENT OF COMMENCEMENT OF ACTION

1.　On or about January 4, 2016, Plaintiffs Maria Villasenor and Ramon Basaldua ("Plaintiffs") commenced this action by filing a Petition, Cause No. C-0032-16-H, in the 389th District Court of Hidalgo County, Texas (the "State Court Action"). *See* Exhibit "C-1." Defendant filed its Original Answer on January 14, 2016 in the State Court Action. *See* Exhibit "C-6". Pursuant to 28 U.S.C. §1446(b) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty days of Defendant's first receipt of the initial state court pleading or service of the state court pleading.

## II. PLEADINGS AND NOTICE TO STATE COURT

2. True and correct copies of all process and pleadings in the State Court Action are being filed along with this Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being served on Plaintiffs and filed in the State Court Action.

## III. STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

3. This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. §1332(a)(1). That statute provides, in pertinent part, that "the district courts shall have the original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district. As discussed in detail below, this action satisfies the statutory requirements for diversity of citizenship jurisdiction.

## IV. DIVERSITY JURISDICTION

### A. Citizenship of the Parties

4. This civil action involves a controversy between citizens of different states. Plaintiffs are believed to be citizens of the State of Texas. (Compl., Par. 2).

5. Defendant, Select Portfolio Servicing, Inc., is a Utah Corporation. A corporation is deemed to be a citizen of (1) every state where it has been incorporated and (2) the state where it has its principal place of business (i.e. its "nerve center"). 28 U.S.C. §1332(c)(1). Defendant is a Utah corporation with its principal place of business in Salt Lake City, Utah. SPS is not incorporated in Texas, nor is its principal place of business located in Texas. Therefore, SPS is a citizen of Utah for purposes of diversity jurisdiction.

6. 4121 Periwinkle, Inc. is not a Texas Corporation or entity registered with the Texas Secretary of State and based on the clerk's record in the State Court Action has not been served by Plaintiff. Upon information and belief, the entity, if it exists, does not have its principal place of business in Texas. According to Plaintiffs' Petition, the entity maintains offices in Hunting Station, New York where its President resided at the time of the filing of the Petition. Based on the foregoing, 4121 Periwinkle, Inc. is not a citizen of Texas for diversity purposes.

7. Because Plaintiffs are citizens of Texas and Defendants are citizens of a state other than Texas, there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(c)(1).

8. According to the records on file in the State Court Action, 4121 Periwinkle, Inc. has not been properly served with citation, and as a result, it is not necessary to obtain its consent to removal even if such entity actually exists. *Getty Oil Corp. a Div of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1251 n.9 (5th Cir. 1988) ("Defendants (at least those not citizens of the forum state) who are unserved when the removal petition is filed need not join in it").

### B. Amount in Controversy

9. This case places an amount in controversy that exceeds the $75,000 threshold.

10. The Complaint seeks injunctive relief precluding foreclosure by Defendant.

11. Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[1] "In actions

---

[1] *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed.Appx. 62, 66, 2010 WL 445470, 2 (5th Cir. 2010) (unpublished) (*citing Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003)).

999999.190/2299980.1

seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[2]

12.     "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[3]  "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[4]  Also, where a party seeks to quiet title or undo a foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property.[5]

13.     To that end Plaintiffs seek to prevent a foreclosure sale and seek injunctive relief precluding foreclosure by SPS.  The tax appraised value for 2015 of the collateral is no less than $143,436.00 according to the Hidalgo County Appraisal District.  See Exhibit D.  Therefore, the amount in controversy requirement is satisfied.  All prerequisites to diversity jurisdiction have been established.

## V.     JURY DEMAND

14.     No known jury demand has been made by Plaintiffs in the State Court Action.

## VI.     CONCLUSION

15.     For the foregoing reasons, Defendant asks the Court to remove this suit to the United States District Court for the Southern District of Texas, McAllen Division.

---

[2]  *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977).
[3]  *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).
[4]  *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983).
[5]  *See Berry v. Chase Home Fin., LLC*, 2009 WL 2868224, at *2 (S.D. Tex. August 27, 2009).

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.
    State Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink
    Texas Bar No. 24043819
    Federal I.D. No. 569887
    HIRSCH & WESTHEIMER, P.C.
    1415 Louisiana, 36th Floor
    Houston, Texas  77002-2772
    Telephone (713) 223-5181
    Facsimile  (713) 223-9319
    E-mail: mhord@hirschwest.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

On this 18th day of January 2016, I hereby certify that a true and correct copy of the foregoing Notice of Removal was forwarded as follows:

Alex Moreno, Jr.
Law Office of Alex Moreno, Jr.
P.O. Box 4429
Edinburg, TX 78540
**Via Facsimile 956-664-1995**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.