## CAUSE NO. C-0032-16-H

### 389TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION

**NOTICE TO DEFENDANT:** You have been sued, you may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 o'clock a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**SELECT PORTFOLIO SERVICING, INC.**
**BY SERVING REGISTERED AGENT: 211 E. 7TH STREET, STE. 620**
**AUSTIN, TEXAS 78701-3218**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION**, on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Letty Lopez 389th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on this the 4th day of January, 2016, and a copy of same accompanies this citation. The file number and style of said suit being **C-0032-16-H** and styled **MARIA VILLASENOR AND RAMON BASALDUA VS. SELECT PORTFOLIO SERVICING, INC., AND 4121 PERIWINKLE, INC.**.

Said Petition was filed in said court by Attorney Alex Moreno, Jr.;
whose address is P.O. Box 4429 Edinburg, Tx 78540.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 5th day of January, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

**CLAUDIA I. RODRIGUEZ, DEPUTY CLERK**

EXHIBIT
C-1

Electronically Filed
1/4/2016 5:50:02 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

Cause No. C C-0032-16-H

| | | |
|---|---|---|
| MARIA VILLASENOR and husband | X | IN THE DISTRICT COURT |
| RAMON BASALDUA, | X | |
| Plaintiffs | X | |
| VS. | X | HIDALGO COUNTY, TEXAS |
| | X | |
| SELECT PORTFOLIO SERVICING, INC., and | X | |
| 4121 PERIWINKLE, INC. | X | |
| Defendants | X | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

MARIA VILLASENOR and husband, RAMON BASALDUA, plaintiffs, complain of

SELECT PORTFOLIO SERVICING, INC., and 4121 PERIWINKLE, INC., defendants,

and for cause of action show:

1. Discovery will be conducted under Level 2 of Rule 190, Texas Rules of Civil

Procedure.

2. Plaintiffs are husband and wife who reside in Hidalgo County, Texas.

Defendant SELECT PORTFOLIO SERVICING, INC., is a Utah corporation duly

authorized to transact business in the State of Texas who may be served with process by

serving CORPORATION SERVICE COMPANY, its Registered Agent at 211 E. 7th Street,

Ste. 620, Austin, Texas 78701-3218

Defendant 4121 PERIWINKLE, INC. is a Corporation with offices at 273 Walt

Whitman Road Suite 141, Huntington Station, New York 11746 where its President may be

served with process.

3. This is a suit to enjoin and restrain a foreclosure sale posted under an unlawful

declaration of default and acceleration of maturity of a promissory note and for

damages for fraud and violations of executory contract requirements.

Electronically Filed
1/4/2016 5:50:02 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0032-16-H

4.   On October 5, 2011, Plaintiffs entered into a Contract for the Sale and Purchase of Real Estate with Defendant 4121 PERIWINKLE, INC. (hereinafter referred to as Seller) to purchase the property at 4121 Periwinkle in McAllen, Texas 78504 for the total sum of $175,000.00. A true and correct copy of such Contract is attached hereto as Exhibit A. Plaintiffs paid a $20,000.00 downpayment and began making monthly payments of $1,495.78 on principal and interest and $238.06 for tax escrow.  Payments were made by depositing the sum into a bank account at BBVA Compass Bank in McAllen, Texas. Subsequently, the payments were made at Wells Fargo Bank in McAllen, Texas. The property being purchased was  legally described as follows:

> All of Lot One Hundred Twelve (112), VENTANA DEL SOL SUBDIVISION, PHASE 2, an Addition to the City of McAllen, Hidalgo County, Texas, according to the map thereof recorded in the Office of the County Clerk of Hidalgo County, Texas.

5.   In April of 2014, Plaintiffs learned that the bank account into which they were depositing was being closed.  At that point, Plaintiffs suspended payments and sought information from Seller.  Unfortunately, none of the phone numbers that Plaintiffs had could locate any of the persons who handled matters relating to their purchase and payments.

6.   Plaintiffs were never informed that there was a first lien mortgage owing on the property. An examination of the deed received by the Seller shows that  there is no mention of a mortgage nor did Seller assume any note on the property. A true and correct copy of the Seller's deed is attached as Exhibit B. mortgagee.

7.   In November of 2015, Plaintiffs received a letter from the attorneys for Defendant SELECT PORTFOLIO SERVICING, INC. (hereinafter Loan Servicer) notifying Plaintiffs

Electronically Filed
1/4/2016 5:50:02 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0032-16-H

of a default in payment of the mortgage note and an intent to conduct a Foreclosure Sale on January 5, 2016 in Edinburg, Texas. A copy of the letter and notice are attached as Exhibit C. This was the first letter that Plaintiffs received regarding the mortgage.

8.    Plaintiffs contend that they purchased this property without knowledge of the debt claimed by Loan Servicer. At present they cannot get information on the balance due on the note as they were not a party to such note, but now their ownership interest in the property is threatened by a note default. Plaintiffs seek information from Defendant Loan Servicer and time to fashion a plan to retain the property.  Plaintiffs believe that the long delay between the time that Plaintiffs ceased payments and the letter from the Loan Servicer indicates that there was a delay by the mortgage company in seeking to collect this debt.  Plaintiffs contend that Defendant Loan Servicer and its predecessors share blame for the delay in payment in that they did not communicate with Plaintiffs nor initiate a timely foreclosure process.  This delay by the Lender resulted in substantial interest and other expenses which are probably being demanded now as part of the Note balance.  Plaintiffs contend that Defendant's proposed foreclosure is wrongful in that it punishes Plaintiffs for the delays caused by Defendant and its predecessors.

9.    Plaintiffs contend that the action of Seller are actionable fraud in that said Defendant represented that it had authority to sell the property and did not give notice of the existence of a first lien mortgage.  Such misrepresentation was willful and intentional.  Plaintiffs relied on such represenations to their detriment.  Further, such actions are in violation of state laws regulating sales of real property under executory

Electronically Filed
1/4/2016 5:50:02 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0032-16-H

contracts; Plaintiffs assert that they are entitled to statutory damages for such violations.

10.    The actions and failures to act by Defendant Loan Servicer and its predecessors make a foreclosure wrongful under Texas law. Nevertheless, Defendant has instructed the Substitute Trustee to sell the Subject Property at public sale between 10 o'clock am. and 1 o'clock p.m. on Tuesday, January 5, 2016, at the location designated by the County Commissioners' Court in Edinburg, Texas.

11.    Plaintiffs would like to remedy the default in the indebtedness, but without information from Defendant Loan Servicer is unable to do so. Said Defendant continues in its efforts to foreclose on the Subject Property. Unless restrained, Defendant Loan Servicer will sell or cause Plaintiffs' property to be sold. Plaintiffs will suffer irreparable harm unless the foreclosure sale is restrained and enjoined. The foreclosure sale will deprive Plaintiffs of the use and enjoyment of their property.

12.    Plaintiffs will show that there is no remedy at law that is clear and adequate to protect Plaintiffs' property interest against such wrongful foreclosure. This request for injunctive relief is so that justice may be done, not merely for delay. Plaintiffs have performed all conditions precedent to requesting this relief. Upon having adequate time to secure the balance of the funds due, Plaintiffs are ready, willing, and able to perform each and every obligation imposed by the note and deed of trust and to perform such equitable acts as the Court deems necessary.

WHEREFORE, Plaintiffs request:

1. A temporary restraining order be issued without notice to defendant, restraining Defendant SELECT PORTFOLIO SERVICING, INC. and its agents, servants, and employees, from directly or indirectly selling or attempting to sell the Subject Property on January 5, 2016 under the power of sale contained in the deed of trust.

Electronically Filed
1/4/2016 5:50:02 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0032-16-H

2. Defendant SELECT PORTFOLIO SERVICING, INC. be cited to appear and show cause, and that upon such hearing, a temporary injunction be issued enjoining said defendant, its agents, servants, and employees, from directly or indirectly selling or attempting to sell the Subject Property under the power of sale contained in the deed of trust, or upon such conditions as the Court deems equitable.

3.   Defendants SELECT PORTFOLIO SERVICING, INC., and 4121 PERIWINKLE, INC. should both be cited to appear and answer.

4. The Court declare upon final hearing that defendant SELECT PORTFOLIO SERVICING, INC. failed to give take reasonable steps with respect to Plaintiffs interest in the property and granting Plaintiffs additional time to satisfy the requirements of curing default.

5. The Court grant judgment against defendant 4121 PERIWINKLE, INC. for damages arising in fraud and statutory damages for breach of state requirements relating to executory contracts.

6. Plaintiffs have costs of suit and post-judgment interest.

7. Plaintiffs be awarded such other and further relief, both general and special, at law or in equity, as to which plaintiffs may be justly entitled.

Respectfully submitted,

LAW OFFICE OF ALEX MORENO, JR.
P. O. Box 4429
Edinburg, Texas 78540
(956) 381-8000
Fax:  (956) 664-1995

By:  _Alex Moreno, Jr._
Alex Moreno, Jr.
State Bar No. 14430400

**ATTORNEY FOR PLAINTIFFS**

Electronically Filed
1/4/2016 5:50:02 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0032-16-H

**VERIFICATION**

STATE OF TEXAS

COUNTY OF HIDALGO

BEFORE ME, the undersigned Notary Public, on this day personally appeared
MARIA VILLASENOR, who being by me duly sworn on her oath deposed and said that
she is a Plaintiff in the above-entitled and numbered cause; that she has read the
above and foregoing Plaintiffs' Original Petition; and that every statement contained
therein is within her personal knowledge and true and correct.

MARIA VILLASENOR

SUBSCRIBED AND SWORN TO BEFORE ME on January 4th, 2016, to certify
which witness my hand and official seal.

CARMEN M. MORENO
Notary Public
STATE OF TEXAS
My Comm. Exp. 02-27-2016

Notary Public, State of Texas

Page 6 of 6 pages

C-0032-16-H

MARIA VILLASENOR AND RAMON BASALDUA
VS.
SELECT PORTFOLIO SERVICES, INC.
AND 4121 PERIWINKLE, INC.

# EXHIBITS

## TO PLAINTIFF'S ORIGINAL PETITION

A.   Contract for the Sale and Purchase of Real Estate

B.   Warranty Deed from Bruce Lee to 4121 Periwinkle, Inc.

C.   Letter of McCarthy Holthus-Texas, LLP and Notice of
Substitute Trustee Sale

MULTISTATE
Ramon Basaldua, Maria S Villasenor.          **C-0032-16-H**          4121 Periwinkle Inc.

## CONTRACT FOR THE SALE AND PURCHASE OF REAL ESTATE

**WARNING: THIS CONTRACT HAS SUBSTANTIAL LEGAL CONSEQUENCES AND THE PARTIES ARE ADVISED TO CONSULT LEGAL AND TAX COUNSEL.**

**FOR VALUABLE CONSIDERATION OF TEN DOLLARS** and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, 4121 Periwinkle Inc (Seller), whether one or more, and Ramon Basaldua, Maria S Villasenor, Know as (Buyer), whether one or more, do hereby covenant, contract and agree as follows:

1.      AGREEMENT TO SALE AND PURCHASE: Seller agrees to sell, and Buyer agrees to buy from Seller the property described as follows:

Ventana Del Sol Ph 2 Lot 112
City of McAllen, Hidalgo County, State of Texas.
Address: 4121 Periwinkle Avenue McAllen, Texas. 78504, or as described on attached exhibit.

Together with the following items, if any: curtains and rods, draperies and rods, valances, blinds, window shades, screens, shutters, awnings, wall-to-wall carpeting, mirrors fixed in place, ceiling fans, attic fans, mail boxes, television antennas and satellite dish system with controls and equipment, permanently installed heating and air-conditioning units, window air-conditioning units, built-in security and fire detection equipment, plumbing and lighting fixtures including chandeliers, water softener, stove, built-in kitchen equipment, garage door openers with controls, built-in cleaning equipment, all swimming pool equipment and maintenance accessories, shrubbery, landscaping, permanently installed outdoor cooking equipment, built-in fireplace screens, artificial fireplace logs and all other property owned by Seller and attached to the above described real property except the following property which is not included *(list items not included):*

All property sold by this contract is called the "Property."

2.      SALES PRICE: The parties agree to the following sales price:

|  | Amount | Amount |
|---|---|---|
| Purchase Price | $175,000.00 | |
| Deposit Money | | $20,000.00 |
| Seller Financing | | $155,000.00 |
| Cash at Closing | | $20,000.00 |
| Total ( both columns should be equal) | $155,000.00 | $155,000.00 |

Both columns should be an equal amount.

3.      FINANCING: The following provisions apply with respect to financing:

**EXHIBIT**

**A**

Buyer Initials *RB   M.S.V.*          - 1 -          Seller Initials

MULTISTATE
Ramon Basaldua, Maria S Villasenor.                    **C-0032-16-H**                                  4121 Periwinkle Inc.

☒    CASH SALE: This contract is not contingent on financing.

☒    OWNER FINANCING:  Seller agrees to finance $155,000.00 dollars of the
purchase price pursuant to a promissory note from Buyer to Seller of
$155,000.00, bearing 10% interest per annum, payable over a term of 20 years
with even 240 monthly payments, secured by a Sale Contract, deed of trust or
mortgage lien with the first payment to begin on the 01 day of November,
2011.Terms are 240 monthly payment of $1,495.78 Principal and Interest.
**Escrow for Taxes:** In order to insure that Buyer makes the payment to
pay for taxes on the property, buyer agrees to deposit with Seller, in
addition to the monthly installment, hereof, on-twelfth (1/12 of the
estimated annual sum necessary to pay such taxes as reasonably
estimated by seller from time to time. One-twelfth (1/12 of the sum
currently estimated by Seller to equal $228.06. The payment is due at the
same time as the monthly payment to be considered on time and is
subject to the same late charges. Payment will be considered late 5 Days
from the original due date, an additional charge of $75.00 will be added to
the payments as a late fee. Returned checks shall incur an additional
charge of $25.00 Seller shall hold these additional payments in escrow for
the annual payment of those charges, BBVA Compass Bank in McAllen
Texas, Account Number: 0043238094 in the name of COLDWELL
BANKER LAND 1 LLC.

*Credit Information.* If Buyer is to pay all or part of the purchase price by
executing a promissory note in favor of, this contract is conditional upon Seller's
approval of Buyer's financial ability and creditworthiness, which approval shall be
at Seller's sole and absolute discretion? In such case: (1) Buyer shall supply to
Seller on or before October 5, 2011, at, Buyer's expense, information and
documents concerning Buyer's financial, employment and credit condition; (2)
Buyer consents that Seller may verify Buyer's financial ability and
creditworthiness; (3) any such information and documents received by Seller shall
be held by Seller in confidence, and not released to others except to protect
Seller's interest in this transaction; (4) if Seller does not provide written notice of
Seller's disapproval to Buyer on or before October 5, 2011, then Seller waives this
condition

4.    DEPOSIT MONEY: Buyer shall deposit $20,000.00 as down payment money with upon
execution of this contract by both parties.

5.    PROPERTY CONDITION: AS IS

SELLER'S DISCLOSURE OF LEAD-BASED PAINT AND LEAD-BASED PAINT
HAZARDS is required by Federal law for a residential dwelling constructed prior to
1978. An addendum providing such disclosure ☐ is attached ☒ is not applicable.

Buyer Initials _R.B_  _M.S.V._                    - 2 -                    Seller Initials _____

MULTISTATE
Ramon Basaldua, Maria S Villasenor.                    **C-0032-16-H**                    4121 Periwinkle Inc.

Buyer hereby represents that he has personally inspected and examined the above-mentioned premises and all improvements thereon. Buyer hereby acknowledges that unless otherwise set forth in writing elsewhere in this contract neither nor Seller nor Seller's representatives, if any, have made any representations concerning the present or past structural condition of the improvements. Buyer and Seller agree to the following concerning the condition of the property:

☒ Buyer accepts the property in its "as-is" and present condition.
☐ Buyer may have the property inspected by persons of Buyer's choosing and at Buyer's expense. If the inspection report reveals defects in the property, Buyer shall notify Seller within 5 days of receipt of the report and may cancel this contract and receive a refund of earnest money, or close this agreement notwithstanding the defects, or Buyer and Seller may renegotiate this contract, in the discretion of Seller. All inspections and notices to Seller shall be complete within 5 days after execution of this agreement.
☐ Buyer accepts the Property in its present condition; provided Seller, at Seller's expense, shall complete the following repairs and treatment:

Buyer agrees that he will not hold Seller or its representatives responsible or liable for any present or future structural problems or damage to the foundation or slab of said property.

MECHANICAL EQUIPMENT AND BUILT IN APPLIANCES: All such equipment is sold ☒ as is without warranty, or ☐ shall be in good working order on the date of closing. Any repairs needed to mechanical equipment or appliances, if any, shall be the responsibility of ☐ Seller ☐ Buyer.

UTILITIES: Water is provided to the property by The City of McAllen Sewer is provided by The City of McAllen. N/A provides gas. Electricity is provided by TXU. Other:

Buyer accepts the present condition of all utilities.

6.   CLOSING: The closing of the sale will be on or before October 05, 2011 unless extended pursuant to the terms hereof.

Closing may be extended to within 7 days after objections to matters disclosed in the title abstract, certificate or Commitment or by the survey have been cured.
The closing date may also be extended by written agreement of the parties.

7.   TITLE AND CONVEYANCE: Seller is to convey title to Buyer by Warranty Deed or when the said property is Paid in Full (as appropriate) and provide Buyer with a Certificate of Title prepared by an attorney, title or abstract company upon whose Certificate or report title insurance may be obtained from a title insurance company qualified to do and doing business in the state of Texas. Seller will also execute a Bill of

Buyer Initials *RB* M.S.V.                    - 3 -                    Seller Initials _____  _____

MULTISTATE
Ramon Basaldua, Maria S Villasenor.                    C-0032-16-H                          4121 Periwinkle Inc.

Sale, if necessary, for the transfer of any personal property. Seller shall, prior to or at closing, satisfy all outstanding mortgages, deeds of trust and special liens affecting the subject property. Title shall be good and marketable, subject only to (a) covenants, conditions and restrictions of record, (b) public, private utility easements and roads and rights-of-way, (c) applicable zoning ordinances, protective covenants and prior mineral reservations, (d) special and other assessments on the property, if any, (e) general taxes for the year 2011 and subsequent years and (e) other: The remaining Taxes of 2011 will be paid in the Mortgage payment of the said property. Seller represents that the property may be legally used as zoned and that no government agency has served any notice to Seller requiring repairs, alterations or corrections of any existing condition except as stated herein.

8.   APPRAISAL, SURVEY AND TERMITE INSPECTION: Any appraisal of the property shall be the responsibility of ☒ Buyer ☐ Seller. A survey is ☐ not required ☒ required, the cost of which shall be paid by ☐ Seller ☐ Buyer. A termite inspection is ☒ not required ☐ required, the cost of which shall be paid by ☐ Seller ☐ Buyer. If a survey is required it shall be obtained within 5 days of closing.

9.   POSSESSION CONTRACT FOR THE SALE AND PURCHASE OF REAL ESTATE Seller shall deliver possession of the Property to Buyer at closing. OWNER FINANCING, BUYER TAKE POSSESSION, TITLE TO BE CONVEYED WHEN BUYER PAYS MORTGAGE NOTE IN FULL BY A WARRANTY DEED TITLE SHALL BE GOOD AND MARKETBLE, SUBJECT ONLY TO (a) COVENANTS,CONDITIONS AND RESTRICTIONS OF RECORD, (b) PUBLIC, PRIVATE UTILITY EASEMENTS AND ROADS AND RIGHTS-OF-WAY, (c) APPLICABLE ZONING ORDINANCES, PROTECTIVE COVENANTS AND PRIOR MINERALRESERVATIONS, (d) SPECIAL AND OTHER ASSESSMENTS ON THE PROPERTY, IF ANY, (e) GENERAL TAXES. (Prior to closing the property shall remain in the possession of Seller and Seller shall deliver the property to Buyer in substantially the same condition at closing, as on the date of this contract, reasonable wear and tear excepted.

10.  CLOSING COSTS AND EXPENSES: The following closing costs shall be paid as provided. *(Leave blank if the closing cost does not apply.)*

| Closing Costs | Buyer | Seller | Both |
|---|---|---|---|
| Attorney Fees | ☐ | ☐ | ☒ |
| Title Insurance | ☒ | ☐ | ☐ |
| Title Abstract or Certificate | ☒ | ☐ | ☐ |
| Property Insurance | ☒ | ☐ | ☐ |
| Recording Fees | ☒ | ☐ | ☐ |
| Appraisal | ☒ | ☐ | ☐ |
| Survey | ☒ | ☐ | ☐ |

Buyer Initials  RB  M.S.V.                    - 4 -                    Seller Initials _____ _____

MULTISTATE
Ramon Basaldua, Maria S Villasenor.

C-0032-16-H

4121 Periwinkle Inc.

| Closing Costs | Buyer | Seller | Both * |
|---|---|---|---|
| Termite Inspection | ☒ | ☐ | ☐ |
| If contingent on rezoning, cost and expenses of rezoning | ☐ | ☐ | ☐ |
| Other: | | | |
| | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ |
| | ☐ | ☐ | ☐ |
| All other closing costs | ☒ | ☐ | ☐ |

\* 50/50 between buyer and seller.

11. **PRORATIONS:** Taxes for the current year, interest, maintenance fees, assessments, dues and rents, if any, will be prorated through the Closing Date. If taxes for the current year vary from the amount prorated at closing, the parties shall adjust the perorations when tax statements for the current year are available.

12. **CASUALTY LOSS:** If any part of the Property is damaged or destroyed by fire or other casualty loss after the effective date of the contract, Seller shall restore the Property to its previous condition as soon as reasonably possible. If Seller fails to do so due to factors beyond Seller's control, Buyer may either (a) terminate this contract and the earnest money will not be refunded to Buyer (b) extend the time for performance and the Closing Date will be extended as necessary or (c) accept the Property in its damaged condition and accept an assignment of insurance proceeds.

13. **DEFAULT:** If Buyer fails to comply with this contract, Buyer will be in default, and Seller may either (a) enforce specific performance, seek such other relief as may be provided by law, or both, or (b) terminate this contract and receive the earnest money as liquidated damages, thereby releasing both parties from this contract. If, due to factors beyond Seller's control, Seller fails within the time allowed to make any non-casualty repairs or deliver evidence of clean title, Buyer may either (a) extend the time for performance up to 15 days and the Closing Date will be extended as necessary or (b), terminate this contract as the sole remedy and receive a refund of the earnest money. If Seller fails to comply with this contract for any other reason, Seller will be in default and Buyer may either (a) enforce specific performance, seek such other relief as may be provided by law, or both, or (b) terminate this contract and receive the earnest money, thereby releasing both parties from this contract.

14. **ATTORNEY'S FEES:** The prevailing party in any legal proceeding brought under or with respect to the transaction described in this contract is entitled to recover from the non-prevailing party all costs of such proceeding and reasonable attorney's fees.

15. **REPRESENTATIONS:** Seller represents that as of the Closing Date (a) there will be no liens, assessments, or security interests against the Property, which will be satisfied out of the sales, proceeds. If any representation in this contract is untrue on the Closing Date,

Buyer Initials _R.B. M.S.V_                    - 5 -                    Seller Initials _____

Buyer may terminate this contract and the earnest money will not be refunded to Buyer. All representations contained in this contract will survive closing.

16.    FEDERAL TAX REQUIREMENT: If Seller is a "foreign person", as defined by applicable law, or if Seller fails to deliver an affidavit that Seller is not a "foreign person", then Buyer shall withhold from the sales proceeds an amount sufficient to comply with applicable tax law and deliver the same to the Internal Revenue Service together with appropriate tax forms. IRS regulations require filing written reports if cash in excess of specified amounts is received in the transaction.

17.    AGREEMENT OF PARTIES: This contract contains the entire agreement of the parties and cannot be changed except by their written agreement.

18.    NOTICES: All notices from one party to the other must be in writing and are effective when mailed to, hand-delivered at, or transmitted by facsimile machine as follows:

To Buyer at:                              To Seller at:

Ramon Basaldua, Maria S Villasenor        4121 Periwinkle Inc

1313 North 21 Street                      273 Walt Whitman Road Suite 141

McAllen, Texas. 78501                     Huntington Station, New York. 11746

Telephone (956) 789-6843                  Telephone (866)588-2753

Facsimile (      )                        Facsimile (714)908-0440

19.    ASSIGNMENT: Buyer may not assign this agreement without the consent of Seller. This agreement may be assigned by Seller and shall be binding on the heirs and assigns of the parties hereto.

20.    PRIOR AGREEMENTS: This contract incorporates all prior agreements between the parties, contains the entire and final agreement of the parties, and cannot be changed except by their written consent.   Neither party has relied upon any statement or representation made by the other party or any sales representative bringing the parties together. Any terms, conditions, oral statements, warranties shall bind neither party, nor representations not herein contained. Each party acknowledges that he has read and understands this contract. The provisions of this contract shall apply to and bind the heirs, executors, administrators, successors and assigns of the respective parties hereto. When herein used, the singular includes the plural and the masculine includes the feminine as the context may require.

21.    SELLER ONLY AS SELLER'S AGENTS:  The parties represent that the seller has employed the services of a real estate broker or agent in connection with the property, or that if such agents have been employed, that the party employing said agent shall pay any

Buyer Initials _RB_ _M.S.V_                    - 6 -                         Seller Initials _____

MULTISTATE
Ramon Basaldua, Maria S Villasenor.                    C-0032-16-H                          4121 Periwinkle Inc.

and all expenses outside the closing of this agreement.

22.    **EMINENT DOMAIN:** If the property is condemned by eminent domain after the
       effective date hereof, the Seller and Buyer shall agree to continue the closing, or a portion
       thereof, or cancel this Contract. If the parties cannot agree, this contract shall (b) remain
       valid with Buyer being entitled to any condemnation proceeds at or after closing, or (b)
       be cancelled and the earnest money will not be returned to Buyer.

23.    **RECORDING:** This agreement ☒ may ☐ may not be recorded in the official records of
       County Clerk, County, Hidalgo.

24.    **OTHER PROVISIONS**

25.    **TIME IS OF THE ESSENCE IN THE PERFORMANCE OF THIS AGREEMENT.**

26.    **GOVERNING LAW:** the laws of the State of Texas shall govern this contract.

27.    **DEADLINE LIST** *(Optional) (complete all that apply).* Based on other provisions of
       Contract.

| Deadline | Date |
|---|---|
| Buyer(s) Credit Information to Seller | N/A |
| Disapproval of Buyers Credit Deadline | N/A |
| Survey Deadline | N/A |
| Title Objection Deadline | N/A |
| Survey Deadline | N/A |
| Appraisal Deadline | N/A |
| Property Inspection Deadline | N/A |
|  |  |
|  |  |
|  |  |

Whether or not listed above, deadlines contained in this Contract may be extended
informally by a writing signed by the person granting the extension except for the closing
date, which must be extended in writing of both Seller and Buyer.

EXECUTED the 5 day of October 2011 (THE EFFECTIVE DATE).

Buyer: Ramon Basaldua                                Seller: 4121 Periwinkle Inc.

Buyer: Maria S Villasenor                            Seller:

Buyer Initials _RB_ _M.S.V_                 - 7 -                Seller Initials _____

MULTISTATE
Ramon Basaldua, Maria S Villasenor.                   **C-0032-16-H**                                4121 Periwinkle Inc.

## EXHIBIT FOR DESCRIPTION OR ATTACH SEPARATE DESCRIPTION

### RECEIPT

Receipt of Deposit Money is acknowledged.

Signature: _____       Date: _____ , 2011

By: _____

3308 North 40th Street _____       Telephone (866) 588-2753 _____
Address
McAllen          Texas          78501          Facsimile (714) 908-0440 _____
City             State          Zip Code

_Ramon Basaldua_
Buyer: Ramon Basaldua                              Seller: 4121 Periwinkle Inc.

_____                  _____
Notary Public: Buyer                               Notary Public: Seller

ANABEL G. GOVEA
MY COMMISSION EXPIRES
October 5, 2014

_Maria S Villasenor_
Buyer: Maria S Villasenor

_____
Notary Public: Buyer

ANABEL G. GOVEA
MY COMMISSION EXPIRES
October 5, 2014

Buyer Initials _RB_ _M.S.V._          - 8 -          Seller Initials _____ _____

Recorded On 2011-Oct-06 As 2247202

C-0032-16-H

**WARRANTY DEED**

2247202

**DATE:**                         August 16, 2011

**GRANTOR:**                    Bruce Lee

**GRANTOR'S MAILING ADDRESS:** 4121 Perwinkle
McAllen, Texas 78504
Hidalgo County

**Grantee:**                        4121 Perwinkle Inc.

**Grantee's Mailing Address:**

273 Walt Whitman Rd., Ste. 141
Huntington Station, NY 11746

**Consideration:**               Ten dollars and 00/100THs Dollars ($10.00.)

**Property (Including Any Improvements):**

All of Lot 112, VENTANA DEL SOL SUBDIVISION PHASE II, and Addition to the City of McAllen, Hidalgo County, Texas, according to the map recorded in Volume 46, Page 57, Map Records in the Office of the County Clerk of Hidalgo County, Texas, reference to which is here made for the purpose.

**Reservations from Conveyance:**      None.

**Exceptions to Conveyances and Warranty:**

Restrictive convenants dates April 30, 2004, filed April 30, 2004, under Document Number 1329725 and Amendment dated December 1, 2004, filed February 16, 2005 under Document Number 1426773, Official Records and Volume 46, Pages 57, Map Records of Hidalgo County, Texas, but omitting any covenant or restriction based on race, color, religion, sex, handicap, familial status or national origin unless and only to the extent that said covenant (a) is exempt under Chapter 42, Section 3607 of the United States Code or (b) relates to handicap but does not discriminate against handicapped persons.

Blanket easements, rules, regulations and rights in favor of Hidalgo County Irrigation District No. 1.

Minimum floor elevations, setback lines, easements and restrictions as shown on the map of Ventana Del Sol Subdivision Phase II, recorded in Volume 46, Page 57, Map Records of Hidalgo County, Texas.

Blanket Easement and Agreement in favor of ABE Texas Central Company, A Texas Corporation, dated August 13, 2004, filed October 13, 2004 under Document Number 1391549 in the Official Records, Hidalgo County, Texas, to furnish, maintain and operate underground electric cables and other facilities as may appear upon the map attached thereto.

**EXHIBIT**

B

Recorded On 2011-Oct-00 As 2247202

C-0032-16-H

Terms, stipulations and conditions contained in a Non-Drilling Agreement, dated September 1, 1982, recorded in Volume 1813, Page 51, Official Records of Hidalgo County, Texas.

All oil, gas and other minerals have been heretofore reserved by prior as set forth in Deed dated April 21, 1955, recorded in Volume 828, Page 344 and dated May 15, 1962, recorded in Volume 1038, Page 503, Deed Records and dated September 9, 2003, filed October 3, 2003 under Document Number 1250679, Official Records of Hidalgo County, Texas.

Conveyance of Water Rights in favor of the Stone Oak Development, L.L. as shown by instrument dated September 1, 2004, filed June 9, 2005 under Document Number 1481898, Official Records of Hidalgo County, Texas.

Standby fees, taxes and assessments by any taxing authority for the year 2011, and subsequent years.

Grantor, for the consideration and subject to the Reservations from Conveyance and the Exceptions to Conveyance and Warranty, grants, sells, and conveys to Grantee the Property, together with all and singular the rights and appurtenances thereto in any way belonging, to have and to hold it to Grantee and Grantee's heirs, successors, and assigns forever. Grantor binds Grantor and Grantor's heirs and successors to warrant and forever defend all and singular the Property to Grantee and Grantee's heirs, successors and claim is by, through, or under Grantor but not otherwise, except as to the Reservations from the Conveyance and the Exceptions to Conveyance and Warranty.

When the context requires, singular nouns and pronouns include the plural.

Bruce Lee

By: _____

Name: BRUCE LEE

STATE OF TEXAS        )
COUNTY OF HIDALGO     )

This instrument was acknowledged before me on Aug. 25th , 2011, by
_____ Bruce Lee

_____
NOTARY PUBLIC, STATE OF TEXAS

My Commission Expires: 1-23-2014

PREPARARED IN THE OFFICE OF



CHRISTOPHER THOMAS BREWSTER
Notary Public, State of Texas
My Commission Expires
August 23, 2014

Recorded On 2011-Oct-08 As-2247202

C-0032-16-H

Mario A. Rodriguez
THE RODRIGUEZ LAW FIRM
4409 N. 22nd
McAllen, Texas 78504

After Recording Return to:

4121 Perwinkle Inc.
273 Walt Whitman Rd., Ste. 141
Huntington Station, NY 11746

Recorded On 2011-Oct-06 As 2247202



70 2011 02247202

**Hidalgo County**
**Arturo Guajardo Jr.**
C0032-16-H
County Clerk
Edinburg,TX 78540

Instrument Number: 2011-2247202
As
Recorded On: October 06, 2011          Recording

Parties:                                 Billable Pages: 3

T6                                       Number of Pages: 4

Comment:  WARRANTY DEED LOT 112

** Examined and Charged as Follows: **

Recording                24.00

Total Recording:         24.00

*********** THIS PAGE IS PART OF THE INSTRUMENT ***********
Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

**File Information:**                    **Record and Return To:**
Document Number: 2011-2247202            4121 PERWINKLE INC
Receipt Number: 1228415                  273 WALT WHITMAN RD., STE 141
Recorded Date/Time: October 06, 2011 11:56A   HUNTINGTON STATION NY 11746

User / Station: T Rivera - Cash Superstation 10

STATE OF TEXAS
COUNTY OF HIDALGO
I hereby certify that this instrument was FILED in the File Number sequence on the date/time
printed hereon, and was duly RECORDED in the Official Records of Hidalgo County, Texas

Arturo Guajardo Jr.
County Clerk
Hidalgo County, TX

# MCCARTHY HOLTHUS - TEXAS, LLP

### ATTORNEYS AT LAW

C-0032-16-H

1255 West 15th Street, Suite 1060
Plano, TX 75075

Texas Counsel:
Cole D. Patton, Managing Partner
Lance J. Erickson, Attorney
William R. Attmore, Attorney
Anthony Waddell, Attorney

Founding Partners:
Kevin R. McCarthy*
Thomas J. Holthus*

TELEPHONE: (214) 291-3800
FACSIMILE: Fax: (214) 291-3801
email: office@mccarthyholthus.com

**All mail to:**
P.O. Box 866668, Plano, Texas 75086

*Only admitted in California
**Only admitted in California, Nebraska and Nevada

11/16/2015

*SENT VIA FIRST CLASS U.S. MAIL*
*AND CERTIFIED MAIL, RETURN RECEIPT REQUESTED*

BRUCE LEE
7826 CONNEMARA DR
CYPRESS, TX 77433

BRUCE LEE
4121 PERIWINKLE AVENUE
MCALLEN, TX 78501

Loan Number: 0013340492

Re:   Promissory Note
      and Deed of Trust Dated:      5/26/2006
      Borrower(s):                  BRUCE LEE, A SINGLE MAN
      Original Principal Amount:    $116,483.00
      Property Address:      4121 PERIWINKLE AVENUE, MCALLEN, TX 78501

*Current Mortgage Servicer and Mortgagee:*
      Mortgage Servicer:    Select Portfolio Servicing, Inc.
      Mortgagee:            Deutsche Bank National Trust Company, as Trustee, in trust for the
                            registered holders of Morgan Stanley ABS Capital I Inc. Trust 2006-
                            HE7, Mortgage Pass-Through Certificates, Series 2006 HE7

      (The Mortgage Servicer is
      servicing the above-referenced
      mortgage loan on behalf of the Mortgagee under a servicing agreement with the Mortgagee, whose address is,
      c/o Select Portfolio Servicing, Inc., 3815 South West Temple, Salt Lake City, UT 84115).

**NOTE: PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT YOU ARE
ADVISED THAT THIS LAW FIRM IS DEEMED TO BE A DEBT COLLECTOR
ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE.**

Dear Borrower(s):

Please be advised that the undersigned law firm represents the Mortgage Servicer with respect to the above-referenced debt. Any individual to whom this notice is sent who is NOT obligated for the debt is given the following notice as a courtesy because your interest in the Property may be affected.

According to the Mortgage Servicer, you have failed to bring the loan current despite the notice that your unpaid loan would be accelerated if the default was not timely cured. Therefore, the Mortgage Servicer has on 11/16/2015 accelerated the entire unpaid principal and accrued interest, together with attorney's fees and expenses incurred in connection with the collection of the amount stated in the letter mentioned above.

MH FILE NO. TX-14-23650-FC
PAGE 1 OF 2

EXHIBIT C

C-0032-16-H

**SINCE YOU HAVE NOT CURED YOUR DEFAULT BY PAYMENT OR OTHERWISE, THE INDEBTEDNESS HAS BEEN ACCELERATED.**

The entire amount of principal, interest, and fees on the Note described above in the amount of $114,035.41 is now immediately due and payable to the Mortgage Servicer. **This amount is not intended to serve as a payoff statement for your loan.** Should you wish to request a full payoff, please fax your written request to the fax number above.  On your request, please include your name, loan number, property address, a phone number where you can be reached and either a fax number or a mailing address.

This letter is to formally notify you that because of your default, the Mortgage Servicer intends to foreclose on the above-described property.  Enclosed please find a Notice of Substitute Trustee's Sale, which will be posted for a public sale of the real property described above.  This sale is authorized by the Deed of Trust referenced in the enclosed Notice of Substitute Trustee's Sale.

You are further notified that you have the right to reinstate your loan after acceleration in the time and manner provided by the Note and Deed of Trust referenced above, and that you have the right to bring a court action to assert the non-existence of a default or any defense to acceleration, foreclosure, or other rights reserved by the Note and Deed of Trust and applicable law.

Please give this letter your immediate attention.  If you have any questions or need additional information, please contact our office.  You will receive no further communication prior to the commencement of the foreclosure process.

**NON BANKRUPTCY STATUS**
**IF YOU ARE UNDER THE PROTECTION OF THE UNITED STATES BANKRUPTCY CODE, OR HAVE DISCHARGED THE DEBT UNDER THE BANKRUPTCY LAW OF THE UNITED STATES, THIS NOTICE IS PROVIDED SOLELY TO RECOVER THE SECURED PROPERTY, AND IS NOT A DEMAND FOR PAYMENT OR AN ATTEMPT TO COLLECT THE DISCHARGED PERSONAL OBLIGATION.**

If you have a filed bankruptcy, and the automatic stay is in effect or a prior bankruptcy discharge the debts, then this office will suspend collection efforts and comply with federal or state law once you notify this office of your bankruptcy filing.  Please send this office the name of the debtor, the case number, the proceeding type, the court's name and location and the name, address and telephone number of your bankruptcy attorney.

Sincerely,

**MCCARTHY HOLTHUS - TEXAS, LLP**

**Attachments**

Current Borrower: BRUCE LEE, A SINGLE MAN
MH File Number: TX-14-23650-FC  **C-0032-16-H**
VA/FHA/PMI Number:
Loan Type: Conventional Residential
Property Address: 4121 PERIWINKLE AVENUE, MCALLEN, TX 78501

## NOTICE OF SUBSTITUTE TRUSTEE SALE

Deed of Trust Date:
5/26/2006

Grantor(s)/Mortgagor(s):
BRUCE LEE, A SINGLE MAN

Original Beneficiary/Mortgagee:
HOME123 CORPORATION

Current Beneficiary/Mortgagee:
Deutsche Bank National Trust Company, as
Trustee, in trust for the registered holders of
Morgan Stanley ABS Capital I Inc. Trust 2006-
HE7, Mortgage Pass-Through Certificates, Series
2006-HE7

Recorded in: Property County: HIDALGO
Volume:
Page:
Instrument No: 2006-1643943

Mortgage Servicer:
Select Portfolio Servicing, Inc. is representing the
Current Beneficiary/Mortgagee under a servicing
agreement with the Current Beneficiary/Mortgagee.

Mortgage Servicer's Address:
3815 South West Temple, Salt Lake City, UT
84115

Legal Description: ALL OF LOT 112, VENTANA DEL SOL SUBDIVISION PHASE II, AN ADDITION TO
THE CITY OF MCALLEN, HIDALGO COUNTY, TEXAS, ACCORDING TO THE MAP RECORDED IN
VOLUME 46, PAGE 57, MAP RECORDS IN THE OFFICE OF THE HIDALGO COUNTY, TEXAS,
REFERENCE TO WHICH IS HERE MADE FOR ALL PURPOSE.

Date of Sale: 1/5/2016               Earliest Time Sale Will Begin:          10:00AM

Place of Sale of Property: THE SOUTH SIDE UNDER THE COVERED SPACE OF THE COUNTY
CLERK RECORDS MANAGEMENT FACILITY (previously known as Robert's Chevrolet building)
with physical address of 317 North Closner, Edinburg, Texas OR AS DESIGNATED BY THE COUNTY
COMMISSIONER'S OFFICE OR IN THE AREA DESIGNATED BY THE COMMISSIONER'S
COURT, PURSUANT TO SECTION 51.002 OF THE TEXAS PROPERTY CODE.

The Substitute Trustee will sell the property by public auction to the highest bidder for cash at the place
and date specified. The sale will begin at the earliest time stated above or within three (3) hours after that
time.

Notice Pursuant to Tex. Prop. Code § 51.002(i):
Assert and protect your rights as a member of
the armed forces of the United States. If you
are or your spouse is serving on active military
duty, including active military duty as a
member of the Texas National Guard or the
National Guard of another state or as a
member of a reserve component of the armed
forces of the United States, please send
written notice of the active duty military
service to the sender of this notice
immediately.

Connie Medley, Joyce Trevino, Knoxie Lewis,
Monty Medley or Julie Martin
or Cole D. Patton
or Catherine Allen-Rea
MCCARTHY HOLTHUS - TEXAS, LLP
ATTN: SALES
1255 West 15th Street, Suite 1060
Plano, TX 75075